Franklin County Ohio Clerk of Courts of the Common Pleas- 2015 May 27 1:05 PM-15CV004466
0C514 - Y7
Case: 2:15-cv-02458-MHW-EPD Doc #: 2 Filed: 06/26/15 Page: 1 of 7 PAGEID #: 23

## IN THE COMMON PLEAS COURT
## FRANKLIN COUNTY, OHIO

| | |
|---|---|
| LESLIE A. SMITH | : |
| Plaintiff, | : Case No. _____ |
| v. | : Judge _____ |
| ONLINE COMPUTER LIBRARY CENTER, INC., | : |
| Defendant. | : |

### COMPLAINT
### (Jury Demand Endorsed Hereon)

Now comes Plaintiff,, Leslie A. Smith ("Plaintiff"), by and through undersigned counsel, and states the following as her Complaint for discrimination and retaliation and for being *regarded as* disabled, in violation of Ohio Revised Code §4112 *et seq.* and Ohio common law as against Defendant, Online Computer Library Center, Inc.

### THE PARTIES

1. At all times relevant herein, Plaintiff was a natural person residing in Franklin County, Ohio.

2. At all times relevant, Defendant, Online Computer Library Center, Inc. (hereafter "OCLC") was a nonprofit, membership, computer library service and research non-profit organization with its principal place of business and headquarters in Dublin, Ohio.

3. At all times relevant, Plaintiff was employed with Defendant, OCLC, as a human resources manager.

4. Plaintiff suffered from allergies and asthma.

1

Franklin County Ohio Clerk of Courts of the Common Pleas- 2015 May 27 1:05 PM-15CV004466
0C514 - Y8
Case: 2:15-cv-02458-MHW-EPD Doc #: 2 Filed: 06/26/15 Page: 2 of 7 PAGEID #: 24

5. At all times relevant, Plaintiff was a person with a disability as that term is defined by R.C. 4112.

6. At all times relevant, Defendant, through its agents, employees, and/or representatives, was aware of Plaintiff's medical condition.

7. On or about August 11, 2011, Plaintiff provided Defendant with a note written by her physician. See attached Exhibit 1.

8. The physician's note instructed her to avoid all perfumes to help minimize her symptoms.

9. In approximately May 2012, Plaintiff was assigned a new supervisor, Karen Worthington, Director of Talent Acquisition and Employee Relations.

10. Ms. Worthington was aware of Plaintiff's medical condition and her physician's instructions.

11. Ms. Worthington was aware Plaintiff was a person with a disability.

12. Alternatively, Ms. Worthington regarded Plaintiff as disabled.

13. Ms. Worthington began displaying a dismissive attitude regarding Plaintiff's medical condition.

14. Ms. Worthington continued to wear scents, perfumed hairsprays, and/or lotions that were heavily scented, even while working closely with Plaintiff.

15. In approximately May 2013, Plaintiff took a business trip to one of Defendant's Canadian facilities.

16. While there, she copied a flyer posted in workplaces.

17. The flyer was a reminder to employees to keep the workplace free of heavy scents and perfumes/colognes for those who had sensitivities and medical conditions that required that they avoid them.

18. Plaintiff brought the notice back to her workplace and posted it in and around her desk and cubicle. See attached Exhibit 2.

19. On or about June 26, 2014, Plaintiff requested that her supervisor, Ms. Worthington, send around another email reminder to employees to limit their use of heavy perfumes/colognes and scented lotions in the workplace.

20. Plaintiff did this because she was noticing increased use of heavily scented perfumes/colognes and scented lotions that triggered her allergies and rhinitis.

21. Plaintiff did not ask for, or expect, that all perfumes/colognes or scented lotions in the workplace be eliminated.

22. She fully realized that such was not possible.

23. But past e-mail reminders from the Vice President of Human Resources had helped alleviate the problem to the extent that Plaintiff was able to work at OCLC despite her disability.

24. On or about June 30, 2013, Ms. Worthington chastised Plaintiff for putting up the flyers referenced herein.

25. Ms. Worthington further chastised Plaintiff for asking Ms. Worthington to send a quick email reminder to the HR staff about the fragrance-free practice and the importance of maintaining it in the HR department workplace.

3

0C514 - Y16
Franklin County Ohio Clerk of Courts of the Common Pleas- 2015 May 27 1:05 PM-15CV004466
Case: 2:15-cv-02458-MHW-EPD Doc #: 2 Filed: 06/26/15 Page: 4 of 7 PAGEID #: 26

26. Plaintiff's requests for email reminders to her co-workers and/or placing flyers in a cubicle regarding the heavy scent policy constitute requests for reasonable accommodations.

27. Sending such reminders and/or posting such flyers would not cause undue hardship on Defendant.

28. After Plaintiff requested a simple email reminder, Defendant gave her such a hard time that she felt compelled to remove the flyers from around her desk area.

29. Furthermore, Defendant refused to send an email reminder to the HR staff.

30. Shortly thereafter, Ms. Worthington began complaining that Plaintiff was suddenly "unapproachable."

31. Ms. Worthington linked Plaintiff's need to have a workplace with low perfumes and odors with an alleged inability to communicate with customers and/or coworkers.

32. Defendant, its employees and/or agents, failed to engage in an interactive process to discuss Plaintiff's disability or accommodations.

33. Defendant also failed to utilize the progressive disciplinary process with Plaintiff that it used for other, non-disabled persons.

34. Plaintiff was terminated on August 22, 2013.

35. Plaintiff was terminated in retaliation for requesting accommodations - in violation of State law.

36. Plaintiff was terminated on August 22, 2013 for being "regarded as" disabled.

### DISABILITY DISCRIMINATION – O.R.C. §4112 et seq. (Refusal to Accommodate, Retaliation, and "Regarded As" disabled)

4

37. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully restate herein.

38. At all times relevant, Plaintiff was able to perform the essential functions of her job with or without an accommodation.

39. Plaintiff was denied an accommodation, in that Defendant refused to send an email reminding the HR staff to be careful with heavy perfumes/colognes and scented lotions in the workplace, even though Defendant had done so in the past.

40. Further, Defendant refused to allow Plaintiff to keep small flyers up around her desk and cubicle to remind others to respect those with fragrance sensitivities and medical conditions, including but not limited to allergies and asthma.

41. Defendant's supervisors, employees and/or agents acted within the scope of their employment with Defendant.

42. The actions of Defendant's supervisors, employees and/or agents were known to and ratified by Defendant.

43. Defendant violated R.C. §4112.02 *et seq.* and Ohio Public Policy by terminating Plaintiff in retaliation for requesting reasonable accommodations.

44. Alternatively, Defendant regarded Plaintiff as disabled because of her allergies and asthma.

45. Defendant treated Plaintiff disparately because it regarded her as disabled.

46. Defendant retaliated against Plaintiff because she requested reasonable accommodations.

47. Defendant retaliated against Plaintiff because she complained that she was being discriminated against.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2015 May 27 1:05 PM-15CV004466
0C514 - Y12
Case: 2:15-cv-02458-MHW-EPD Doc #: 2 Filed: 06/26/15 Page: 6 of 7 PAGEID #: 28

48. Defendant's violation of Section 4112.02 of the Ohio Revised Code constitutes a violation of Section 4112.99 of the Ohio Revised Code thereby justifying an award of damages as alleged herein.

49. As a direct and proximate result of Defendant's conduct, Plaintiff sustained damages, including but not limited to, back pay, front pay, lost benefits, lost retirement, and mental anxiety and mental distress, all of which will continue in the future.

50. At all times relevant, Defendant's actions were willful, malicious, and/or taken recklessly or with a conscious disregard of Plaintiff's rights justifying an award of punitive damages and attorneys' fees.

**WHEREFORE,** Plaintiff prays for damages against Defendant for an amount in excess of $25,000, plus reinstatement and/or back pay, front pay, attorneys' fees, costs, pre- and post-judgment interest, punitive damages, and any other relief to which she may be entitled.

Respectfully submitted,

/s/ Jami S. Oliver
Jami S. Oliver (0061738)
OLIVER LAW OFFICES
132 Northwoods Blvd., Ste. B
Columbus, Ohio 43235
Phone: 614-220-9100
Fax: 1-866-318-4580
joliver@jamioliver.com

Danny L. Caudill (0078859)
(dlcaudill@caudillfirm.com)
THE CAUDILL FIRM, LLC
175 S. Third St., Ste. 200
Columbus, Ohio 43215
Phone    (614) 360-2044
Fax      (614) 448-4544

Franklin County Ohio Clerk of Courts of the Common Pleas- 2015 May 27 1:05 PM-15CV004466
0G514 - Y13
Case: 2:15-cv-02458-MHW-EPD Doc #: 2 Filed: 06/26/15 Page: 7 of 7 PAGEID #: 29

## JURY DEMAND

Plaintiff requests a trial by a jury on all issues set forth herein.

                                                OLIVER LAW OFFICE

                                                /s/ Jami S. Oliver
                                                Jami S. Oliver (0061738)