**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LESLIE A. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:15-cv-2458** |
| | ) | |
| **vs.** | ) | **Jude Watson** |
| | ) | |
| **OCLC ONLINE COMPUTER LIBRARY CENTER, INC.,** | ) | **Magistrate Judge Preston Deavers** |
| | ) | |
| **Defendant.** | ) | |

**ANSWER OF DEFENDANT**

COMES NOW Defendant OCLC Online Computer Library Center, Inc. (incorrectly named as Online Computer Library Center, Inc. in the Complaint) ("OCLC" or "Defendant"), and for its Answer to Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

1.      Upon information and belief, Defendant admits that Plaintiff resided in Franklin County during her employment with OCLC.  Further answering, upon information and belief, Defendant avers that Plaintiff subsequently relocated to Texas where she currently resides.

2.      Defendant admits that it is a nonprofit membership computer library service and research organization headquartered in Dublin, Ohio.

3.      Defendant admits the allegations contained in paragraph 3.

4.      Defendant lacks information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 4, and therefore denies the same.

5.     Defendant neither admits nor denies the allegations contained in paragraph 5 of the Complaint as they state legal conclusions.   To the extent that an answer is required, Defendant denies the same.

6.     Defendant admits that Plaintiff reported having sensitivities and reactions to fragrances in the workplace.  Defendant denies the remaining allegations contained in paragraph 6.

7.     Defendant admits that Plaintiff provided a doctor's note on or about August 11, 2011, and that the document speaks for itself.  Further answering, Defendant avers that although the Complaint references Exhibit 1, no exhibit was attached.   As such, Defendant lacks information or knowledge to admit or deny the allegations regarding Exhibit 1, and therefore denies the same.  Defendant denies the remaining allegations contained in paragraph 7.

8.     Defendant states that the document speaks for itself and therefore neither admits nor denies the allegations contained in paragraph 8.

9.     Defendant admits that in May 2012 Plaintiff began reporting to Director of Talent Acquisition and Employee Relations, Karen Worthington.   Defendant denies the remaining allegations in paragraph 9.

10.     Defendant admits that Plaintiff reported having sensitivities and reactions to fragrances in the workplace.  Defendant denies the remaining allegations contained in paragraph 10.

11.     Defendant denies the allegations contained in paragraph 11.

12.     Defendant denies the allegations contained in paragraph 12.

13.     Defendant denies the allegations contained in paragraph 13.

14.     Defendant denies the allegations contained in paragraph 14.

2

15.    Upon information and belief, Defendant admits the allegations contained in paragraph 15.

16.    Defendant lacks information or knowledge sufficient to admit or deny the allegations in paragraph 16, and therefore denies the same.

17.    Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 17, and therefore denies the same.

18.    Defendant admits that Plaintiff posted a sign in her workplace and that the document speaks for itself.  Defendant lacks information or knowledge sufficient to admit or deny the remaining allegations contained in paragraph 18.  Further answering, Defendant avers that although the Complaint references Exhibit 2, no exhibit was attached.  As such, Defendant lacks information or knowledge to admit or deny the allegations regarding Exhibit 2, and therefore denies the same.

19.    Defendant denies the allegations contained in paragraph 19.  Further answering, Defendant avers that Plaintiff sent an email to Ms. Worthington on or about June 26, 2013, and that the document speaks for itself.

20.    Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 20, and therefore denies the same.

21.    Defendant lacks information or knowledge sufficient to admit or deny Plaintiff's expectations as alleged in paragraph 21, and therefore denies the same.  Defendant further denies the remaining allegations contained in paragraph 21.

22.    Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 22, and therefore denies the same.

23.     Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in paragraph 23, and therefore denies the same.

24.     Defendant denies the allegations contained in paragraph 24.

25.     Defendant denies the allegations contained in paragraph 25.  Further answering, Ms. Worthington suggested alternative methods and Plaintiff failed to engage in any interactive process.

26.     The allegations contained in paragraph 26 call for a legal conclusion, and therefore require no answer from Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph 26.

27.     The allegations contained in paragraph 27 call for a legal conclusion, and therefore require no answer from Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph 27.

28.     Defendant lacks information or knowledge sufficient to admit or deny allegations about Plaintiff's feelings and therefore denies the same.  Further, Defendant denies the remaining allegations contained in paragraph 28.

29.     Defendant denies the allegations contained in paragraph 29.

30.     Defendant denies the allegations contained in paragraph 30.

31.     Defendant denies the allegations contained in paragraph 31.

32.     Defendant denies the allegations contained in paragraph 32.

33.     Defendant denies the allegations contained in paragraph 33.

34.     Defendant admits the allegations contained in paragraph 34.

35.     Defendant denies the allegations contained in paragraph 35.

36.     Defendant denies the allegations contained in paragraph 36.

4

## DISABILITY DISCRIMINATION

37.    Defendant restates and incorporates herein by reference its previous responses to paragraphs 1 through 36.

38.    Defendant denies the allegations contained in paragraph 38.

39.    Defendant denies the allegations contained in paragraph 39.

40.    Defendant denies the allegations contained in paragraph 40.

41.    The allegations contained in paragraph 41 call for a legal conclusion, and therefore require no answer from Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph 41.

42.    The allegations contained in paragraph 42 call for a legal conclusion, and therefore require no answer from Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph 42.

43.    Defendant denies the allegations contained in paragraph 43.

44.    Defendant denies the allegations contained in paragraph 44.

45.    Defendant denies the allegations contained in paragraph 45.

46.    Defendant denies the allegations contained in paragraph 46.

47.    Defendant denies the allegations contained in paragraph 47.

48.    Defendant denies the allegations contained in paragraph 48.

49.    Defendant denies the allegations contained in paragraph 49.

50.    Defendant denies the allegations contained in paragraph 50.

## PRAYER FOR RELIEF

51.    Plaintiff is not entitled to any of the remedies demanded in the Complaint.

## FURTHER ALLEGATIONS

52.     Defendant denies as untrue each and every allegation not expressly and specifically admitted herein.

## FIRST DEFENSE

53.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

54.     Plaintiff failed to engage in good faith in an interactive process in order to identify a reasonable accommodation.

## THIRD DEFENSE

55.     Plaintiff is not otherwise qualified to perform her job as she could not perform the essential functions of her position with or without a reasonable accommodation.

## FOURTH DEFENSE

56.     Plaintiff rejected offers of reasonable accommodation(s).

## FIFTH DEFENSE

57.     At all times relevant to the allegations contained in Plaintiff's Complaint, OCLC acted in good faith based on reasonable grounds for believing its actions were authorized by law and made decisions based solely on legitimate, non-discriminatory business reasons.

## SIXTH DEFENSE

58.     Plaintiff's claims are barred in whole or in part because the damages and/or injuries to which Plaintiff complains, if any, were caused by intervening and/or superseding and/or pre-existing conditions or parties or instrumentalities over which Defendant has no control, right of control, and for whose action Defendant cannot be held liable.

## SEVENTH DEFENSE

59.     Plaintiff's damages are limited by statute including but not limited to Ohio Rev. Code § 2315.18, and Plaintiff is not entitled to collect damages on more than one count as that would provide an improper double recovery.

## EIGHTH DEFENSE

60.     Plaintiff failed to mitigate her damages.

## NINTH DEFENSE

61.     OCLC did not act with malice or reckless indifference to Plaintiff's rights or engage in willful, wanton, or intentional misconduct against Plaintiff, and Plaintiff is therefore barred from recovering punitive damages.

## TENTH  DEFENSE

62.     The allegations in Plaintiff's Complaint are barred based on the principles of waiver, estoppel, consent, and laches.

## ELEVENTH DEFENSE

63.     Plaintiff's claims are barred and/or limited by the exclusions and exceptions of O.R.C. § 4112, *et seq.*

## TWELFTH DEFENSE

64.     Any harm or damages suffered by Plaintiff is not the proximate cause of any actions by OCLC.

## RESERVATION OF RIGHTS

65.     Defendant expressly reserves the right to amend this Answer to include additional defenses and other matters of defense to the Complaint after further discovery.

WHEREFORE, having fully answered, OCLC prays that:

1. Judgment be rendered in its favor and against Plaintiff;

2. This Court dismiss the Complaint with prejudice;

3. OCLC be awarded its costs and disbursements, including reasonable attorneys' fees; and

4. This Court grant to OCLC such other relief as justice requires.


Respectfully submitted,


s/ Traci L. Martinez
Traci L. Martinez, Trial Attorney (0083989)
Tara A. Aschenbrand (0075090)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone:  (614) 365-2700
Facsimile:  (614) 365-2499
traci.martinez@squirepb.com
tara.aschenbrand@squirepb.com


**Attorneys for Defendant OCLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Answer was served on the

following counsel of record via electronic filing on this 2nd day of July, 2015:

      Jami S. Oliver
      Oliver Law Offices
      132 Northwoods Blvd., Suite B
      Columbus, OH  43235

      Danny L. Caudill
      The Caudill Firm, LLC
      175 S. Third Street, Suite 200
      Columbus, OH  43215

                          s/ Traci L. Martinez
                          One of the Attorneys for Defendant